UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-350-JBC

TIMOTHY BURNETT                                                                              PLAINTIFF,

V.                           MEMORANDUM OPINION & ORDER

TRANSIT AUTHORITY OF LEXINGTON
FAYETTE COUNTY GOVERNMENT, ET AL.,                                     DEFENDANTS.

* * * * * * * * *

Before the Court is a motion to dismiss for insufficient service of process under Federal Rule 12(b)(5) filed by certain defendants: Amalgamated Transit Union (ATU), Amalgamated Transit Union Local 639 (Local 639), and Marcellus Barnes, both individually and in his official capacity (R. 7, 8).

The plaintiff, Timothy Burnett, commenced this action by filing a complaint in the Fayette County Circuit Court on October 10, 2011. *See* R. 1, attach. 3. Allegedly, on October 12, 2011, he attempted to serve summons on the above-named defendants at 109 West Loudon Avenue, Lexington, Kentucky, 40508. *See* R. 8 at 2. According to the ATU defendants, Local 639 and Marcellus Barnes, this is the physical address for the administrative office of another defendant, Lextran. *Id*. Subsequently, this action was removed to federal court on October 28, 2011, with the consent of all defendants. *See* R. 1. The ATU defendants, Local 639, and Marcellus Barnes, request dismissal from this lawsuit for insufficient service of

1

process under Fed. R. Civ. Pro. 12(b)(5) because the plaintiff failed to provide the state court clerk with the proper physical mailing address for them. *See* R. 7, 8.

Federal Rule 4(e) requires personal service of an individual through delivery of the summons and complaint to the individual by delivery "to an agent authorized . . .by law to receive service." Service may also be perfected by following the requirements of state law. Fed. R. Civ. Pro. 4(e)(1). Service upon corporations may be made by delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. Pro. 4(h)(1)(B). Pursuant to Rule 4(m), service must be completed within 120 days of the filing of the complaint. However, Rule 4(m) allows for failure of service to be cured, directing, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The defendants argue that Kentucky law and Rules of Civil Procedure govern validity of service of process because the action was filed in Kentucky state court prior to removal. Kentucky Rule of Civil Procedure 4.01(1)(a) allows for service by certified mail; however, "[w]hile service may be made by certified mail, the certified mail must be signed for and accepted by the defendant." *Colebrook v. Ky. Dep't of Motor Vehicle Enforcement, et al.*, WL 4979072 at *3 (E.D.Ky Dec.2, 2010) (internal citations omitted).

**A. Service as to the ATU defendants and Local 639**

The ATU defendants aver that their office is located at 5025 Wisconsin Avenue, NW, Washington, DC, 20016, and this information is published online at http://www.atu.org/union/contact. *See* R. 7, ¶8. Local 639's office and meeting hall is located at 701 Allen Ridge, Lexington, Kentucky 405010. *Id*. at ¶9. According to both ATU and Local 639, Burnett failed to provide the state court clerk with the proper physical mailing address for them. Instead, Burnett purported to direct the clerk to mail the summons and complaint to another defendant's mailing address, the physical address for defendant Lextran at 109 West Loudon Avenue, Lexington, Kentucky 40508. *Id*. at ¶14.

For a time, the only summons filed in the record was the one attached to the state court complaint and the notice of removal, styled Timothy Burnett v. Rocky Burke. *See* R. 1 attachments 3 & 4. However, on November 17, 2011, well after the defendants' motion to dismiss but still within the 120 days for service of process, summons was issued as to ATU and Local 639 at the proper addresses for these defendants. *See* R. 10, 11. Thus, the defendants' motion to dismiss for insufficient service of process regarding ATU and Local 639 now appears to be moot.

**B. Service as to Marcellus Barnes**

Burnett alleges that Marcellus Barnes is a management employee for the defendants Lextran and ATU. *See* R.1, attach. 3 (state court complaint). Barnes, in his motion to dismiss, does not conclusively admit or deny this allegation but suggests that his mailing address would be either the office of ATU at 5025

3

Wisconsin Avenue, NW, Washington, D.C. 20016, or Local 639's office at 701 Allen Ridge, Lexington, Kentucky, 40510.  *See* R. 7 at ¶10.  Service on an individual must be personal under both Federal and Kentucky law.  Service on an employer is sufficient to effect service on a defendant in his official capacity, but it does not effectuate service in an individual capacity.  *See e.g. The Ecclesiastical Order of the Ism of Am, Inc., v. Chasin,* 845 F.2d 113, 116 (6th Cir. 1988)(finding service on Department of Justice sufficient for defendants in official capacities but not effective service on defendants in individual capacities).  The Kentucky rules provide for effective service on an individual's place of business by serving the person "in charge thereof."  Ky. R. Civ. Pro. 4.04(9).

Although service of process appears to be defective as to Barnes in both his official and individual capacities, the record is not sufficient for the court to determine this conclusively.  The plaintiff alleges that Barnes is a management employee for the defendants ATU and Lextran.  Therefore, Barnes would have to be personally served in his official capacity by serving the "person in charge" of the office or agency, in this case the office of either ATU or Lextran.  If Barnes is indeed an employee of Lextran, as alleged by the plaintiff, then service as to Barnes in his official capacity at the office location of Lextran would have been effective, although not as to Barnes in his individual capacity.  However, there is no summons returned as to Barnes in the record.  Barnes has not filed an affidavit, nor does the motion to dismiss filed by the defendants confirm or deny whether he was

4

personally served. Thus, as the record stands, it is unclear whether Barnes was indeed served in this instance.

### C. Cure for Insufficient Service

Rule 4(m) of the Federal Rules directs, "If a defendant is not served within 120 days . . ., the court . . .must dismiss the action without prejudice . . .or order that service be made within a specified time." Nevertheless, such a dismissal does not automatically toll the statute of limitations. *See e.g., Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir. 1991)(re-filing not permitted where claims were time-barred). "While the Court has discretion to fashion appropriate relief for failing to effectuate service, exercising that discretion necessarily means that relief in the form of an extension is not afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service." *Turner v. Grant County Det. Ctr.*, WL 1433930 at *2 (E.D. Ky. May 10, 2007).

Here, the plaintiff requests "7 days to properly serve the defendants at their correct address." *See* R. 9 at 3. While an extension is not "afforded as a matter of course," such an extension is warranted in this case. The plaintiff has filed this matter *pro se*, and such litigants are given more leeway because they are not represented by counsel. Further, this matter was filed on October 10, 2011, arguably still well within the prescribed 120-day time period for effectuating service of process. Moreover, the record is unclear as to whether all of these defendants were personally served. Therefore, in the interest of judicial economy, rather than dismiss the claims against some of the defendants, only to have them re-filed in a

5

new suit in a related case, this Court will construe the request for an additional seven days to effectuate service in the plaintiff's response (R.9), as a motion for an extension of time under Federal Rule 4 and grant the plaintiff's construed motion.

Accordingly it is **ORDERED** that the motion of ATU, Local 639, and Barnes, both individually and in his official capacity, (R. 7, 8) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's construed motion for an additional seven days to properly effectuate service (R. 9 at 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that all summonses shall be filed in the record.

Signed on December 5, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY