```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

TIMOTHY BURNETT,                )
                                )
    Plaintiff,                 )
                                )           Civil Case No.
v.                              )           5:11-cv-350-JMH-REW
                                )
TRANSIT AUTHORITY OF            )           **MEMORANDUM OPINION**
LEXINGTON-FAYETTE URBAN         )           **AND ORDER**
COUNTY GOVERNMENT, et al.,      )
                                )
    Defendants.                )

                                                  ***

This matter is before the Court upon a Motion for Summary Judgment [D.E. 58] filed by Defendants Amalgamated Transit Union (hereinafter "ATU"), Local 639, and Marcellus Barnes, individually and in his official capacity, and a Motion for Summary Judgment [D.E. 59] filed by Defendants Transit Authority of Lexington-Fayette Urban County Government (hereinafter "LexTran"), all Unknown-Unnamed Management Contract Companies and Affiliates, Tom Hawk, individually and in his official capacity, Rocky Burke, individually and in his official capacity, Terry Garcia Crews, individually and in his official capacity, Tracy Sewell, individually and in his official capacity, and Geri Davidson, individually and in his official capacity. Plaintiff failed to file a timely Response to the Motions. The Court being sufficiently advised, this matter is now ripe for review.

**I. Factual and Procedural Background**

The following facts are not in dispute. LexTran operates the public transportation system in Lexington, Kentucky. The ATU is the bargaining agent for non-management personnel employed by LexTran. Local 639 is the local union branch of ATU for LexTran employees. Plaintiff was hired as a bus operator for LexTran in 1996, [D.E. 58-2, at 6], and was elected the president of Local 639 in 2004. *Id.* at 7. In 2007, while Plaintiff was president of Local 639, ATU began investigating Local 639 for a mishandling of funds. [D.E. 58-9, at 49-55]. The investigation eventually led to Local 639 being placed in trusteeship, [D.E. 58-2, at 181], and Plaintiff being criminally charged. *Id.* at 183. As a result of the criminal charges, Plaintiff was suspended by LexTran, pending the disposition of the charges. [D.E. 58-4]. Plaintiff eventually pleaded guilty to one count of theft by unlawful taking over $300, [D.E. 58-7, at 1], and his employment with LexTran was terminated. [D.E. 58-8].

On October 10, 2011, Plaintiff filed a complaint in the Circuit Court of Fayette County, Kentucky alleging racial discrimination, under Title VII of the Civil Rights Act of 1964, constitutional violations, under 42 U.S.C. § 1983, and conspiracy under the common law of Kentucky. [D.E. 1-3]. Specifically, Plaintiff alleges allegations of racial discrimination, retaliation, hostile work environment, and

2

conspiracy to terminate his employment. [D.E. 1-3, at 2]. Defendants filed a Notice of Removal, removing the matter to this Court pursuant to 28 U.S.C. § 1441. [D.E. 1]. All Defendants have joined in a Motion for Summary Judgment. [D.E. 58, 59]. Plaintiff failed to file a timely response.

## II. Standard of Review

A motion for summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Analysis

### A. Title VII Claims

Plaintiff's claims based upon Title VII of the Civil Rights Act of 1964 must be dismissed, due to Plaintiff's failure to exhaust his administrative remedies. "The Title VII plaintiff

3

satisfies the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the [Equal Employment Opportunity Commission] (EEOC), and (2) receiving and acting upon the EEOC's statutory notice of the right to sue." *Puckett v. Tennessee Electric Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1); *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)). "Only after these procedures have been exhausted, and the plaintiff has obtained a 'right to sue' letter from the EEOC, may he or she bring a Title VII action in court." *Patterson v. McLean Credit Union*, 491 U.S. 164, 181 (1989). Plaintiff failed to obtain a right to sue letter from the EEOC before bringing suit, and admitted as much in his deposition. [D.E. 58-2, at 198].

Furthermore, a sufficient amount of time has passed so that Plaintiff can no longer satisfy the prerequisites to filing a claim under Title VII.

> "A charge under [Title VII] shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such a charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred. . . ."

42 U.S.C. § 2000e-5(e)(1). "Kentucky is a 'deferral' state so that the 300-day filing limitation is applicable if the aggrieved person initially institutes proceedings with the appropriate state agency." *Jones v. Airco Carbide Chem. Co.*, 692 F.2d 1200, 1201 (6th Cir. 1982). Plaintiff was notified of his termination from LexTran on September 17, 2010. [D.E. 58-8]. Assuming Plaintiff's time for filing a charge with the EEOC began on September 17, 2010, the maximum possible time within which to file a charge, three-hundred days, ran long ago. Therefore, as Plaintiff failed to exhaust his administrative remedies and it is no longer possible for him to do so, he may not assert a Title VII claim in this Court.

**B. 42 U.S.C. § 1983 Claims**

The applicable statute of limitations bars Plaintiff's 42 U.S.C. § 1983 claims. Congress did not set out a statute of limitations for claims brought under 42 U.S.C. § 1983. However, the Supreme Court has directed that "courts entertaining claims brought under 42 U.S.C. § 1983 should borrow the state statute of limitations for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 236 (1989). "Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249-50. In Kentucky, the statute of limitations for personal injury actions

is one year. KRS 413.140(1)(a); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[W]e conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)."). Plaintiff was notified of his termination from LexTran on September 17, 2010. [D.E. 58-8]. Plaintiff instituted this action on October 10, 2011 [D.E. 1-3], over a year after his termination, the final adverse employment action alleged. As such, Plaintiff's claims arising out of 42 U.S.C. § 1983 are barred by the statute of limitations.

**C. Common Law Conspiracy Claim**

Plaintiff's conspiracy claim is likewise barred by the statute of limitations. Plaintiff alleges that Defendants engaged in a conspiracy to have him removed as president of Local 639. [D.E. 1-3, at 3]. Civil conspiracy is recognized in Kentucky and defined as "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Smith v. Bd. of Educ.*, 94 S.W.2d 321, 325 (Ky. 1936); *see also Fastenal Co. v. Crawford*, 609 F. Supp. 2d 650, 662 (E.D. Ky. 2009) ("Kentucky law clearly recognizes the tort of civil conspiracy."). The statute of limitations on a civil conspiracy claim in Kentucky is also one year. KRS 413.140(1)(c); *Montgomery v. Milam*, 910 S.W.2d 237, 239 (Ky. 1995) (declaring

that the statute of limitations for conspiracy is one year). Thus, Plaintiff's conspiracy claim is barred by the statute of limitations because Plaintiff filed this action more than one year after his employment with LexTran was terminated.

**IV. Conclusion**

Accordingly, based on the foregoing, **IT IS ORDERED**:

1) that the Motion for Summary Judgment [D.E. 58] filed by Defendants Amalgamated Transit Union, Local 639, and Marcellus Barnes, individually and in his official capacity, be, and the same hereby is, **GRANTED;**

2) that the Motion for Summary Judgment [D.E. 59] filed by Defendants Transit Authority of Lexington-Fayette Urban County Government, all Unknown-Unnamed Management Contract Companies and Affiliates, Tom Hawk, individually and in his official capacity, Rocky Burke, individually and in his official capacity, Terry Garcia Crews, individually and in his official capacity, Tracy Sewell, individually and in his official capacity, and Geri Davidson, individually and in his official capacity, be, and the same hereby is, **GRANTED;**

3) that Plaintiff's claims be, and the same hereby are, **DISMISSED WITH PREJUDICE**.

4) That the Clerk shall **FORWARD** a copy of this Order to Plaintiff's last reported address in this case, which is as follows:

7

Timothy Burnett
3401 Featherson Dr.
Lexington, Kentucky 40515

This the 5th day of September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge